JUDGE RAKOFF

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Keesha Simon

          Plaintiff,

**06 CV 6308**

v.

Partnership for the Homeless;
Mimi Choy-Brown; Michael Wernham and
Does 1-10

          Defendant(s)

CIVIL ACTION NO._____
COMPLAINT AND

JURY TRIAL DEMAND

AUG 18 2006

U.S.D.C. S.D. N.Y.

Plaintiff KEESHA SIMON as and for her complaint, by their undersigned counsel, alleges as follows:

## INTRODUCTION

1.    This is a suit to obtain relief for racial discrimination, disability discrimination as well as retaliation arising from the ill-treatment and termination of plaintiff's employment by Partnership for the Homeless (hereinafter "Partnership") on January 25, 2006. The Plaintiff seeks to recover damages for violations of the Title VII, Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 et seq., The Americans with Disability Act; the Family Medical Leave Act; the New York State Executive Law (Human Rights Law) §296; the Administrative Code of the City of New York, §§8-107.1(a) et seq., and the Common Law Tortious Interference with Contractual Relations.

## JURISDICTION and VENUE

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C.A. §§1343 AND 1343(4) and under 42 U.S.C.A. §1981, 29 U.S.C.A. §207(a)(1).

This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C.A. § 1391, as the events in question occurred in county of New York, New York.

3.    The unlawful employment practices alleged herein were committed in whole or in part in the Southern District of New York.

4.    A charge of discrimination by plaintiff was filed with the Equal Employment Opportunity Commission ("EEOC") on or about January, 6, 2006 (Charge #'s 520-2006-00282).

5.    On or about June 14, 2006, the EEOC issued plaintiff a notice informing her of her right to sue.

6.    Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII.

7.    As the unlawful employment practices complained of herein occurred within the New York Judicial district venue is proper in this District.

8.    Before the institution of this action, plaintiff served a copy of this complaint on the City Corporation Counsel's Office as well as on the New York Commission on Human Rights in accordance with the requirements of the Administrative Code of the City of New York §8-502 (c).

## PARTIES

9.    The plaintiff, Keesha Simon, an African American female, is a resident of the City and State of New York, County of Kings.

10.   Plaintiff Keesha Simon was employed by defendant Partnership on or about 12/02/2003. Plaintiff served most recently as a case manager from 12/02/2003 to 01/25/2006 when she was terminated from her employment by defendant.

2

11.     At all times relevant plaintiff was an "employee" of the Partnership within the meaning of the aforementioned statutes.

12.     Upon information and belief, the partnership is a New York non-profit corporation, and is engaged in business in the state of New York, with an office and place of business in New York, New York.

13.     Defendant Ms. Choy-Brown, upon information and belief, resides in the City, County and State of New York.  At all times relevant herein, Ms. Choy-Brown has been employed by the Partnership, most recently as the coordinator of Housing Placement Assistance Program (HPA).

14.     As a supervisor during the relevant period of plaintiff's employment at the Partnership, Ms. Choy-Brown had the power to make personnel decisions regarding Keesha Simon's employment.  Ms. Choy-Brown has aided and abetted the unlawful conduct described herein.

15.     Defendant Mr. Wernham, upon information and belief, resides in the City, County and State of New York.  At all times relevant herein, Mr. Wernham has been employed by the Partnership, most recently as the Director of HIV-Homeless Services.

16.     As a supervisor during the relevant portions of plaintiff's employment at the Partnership, Mr. Wernham had the power to make personnel decisions regarding Keesha Simon's employment.  Mr. Wernham has aided and abetted the unlawful conduct described herein.

17.     At all times relevant to this action, the Partnership was an "employer" for purposes of Title VII, 42 U.S.C. §2000(e) et seq., and the aforementioned statutes, and, upon information and belief, employees in excess of 250 people.

## FACTUAL ALLEGATIONS

18.    Partnership hired Ms. Simon in as a case manager on a salaried basis of $32,000 per annum and at all times Ms. Simon was competent and qualified for this position

19.    At all times herein, Ms. Simon was an exemplary employee and did not disobey orders and directives from her superiors.

20.    On or about May 2005 Ms. Choy-Brown became plaintiff's supervisor, and almost immediately hostility was injected in plaintiff's work environment.

21.    Plaintiff contracted a skin infection and requested time from management to have it treated.  Management refused to allow plaintiff to have leave to treat her illness, but rather demanded she us her lunch hours to treat her infection.

22.    The lunch hour not being sufficient, plaintiff was forced to take her vacation time in order to treat her infection.

23.    Despite calls to management to fix a faulty air conditioner which was known to destroy the air quality in the office, management kept said air conditioner in its faulty condition.

24.    Following a re-carpeting in the offices, management sealed the windows and plaintiff asked management to open the windows, as the lack of ventilation made it difficult for her to work because of her skin problem.

25.    Nevertheless, no accommodations were made for plaintiff's skin condition.

26.    The fore mentioned damage to the air conditioner remained during Ms. Simon's entire employment, causing her great discomfort.

27.    Despite plaintiff's insistence that she could perform her job despite the infection, Ms. Choy-Brown suggested plaintiff quit since it was clearly a hindrance to plaintiff's

performance.

28.     Mold from the air conditioner seeped into the offices. As defendants had recently sealed the windows to plaintiff's office, it caused her skin to peel, aggravating her injuries.

29.     As a result of management ignoring this problem, the air quality in the facility deteriorated greatly.

30.     Despite the hostile environment created by the lack of accommodation for her disability, plaintiff was able to satisfactorily perform her duties, yet Ms. Choy-Brown was unsatisfied

31.     Plaintiff's work was unfairly criticized and Ms. Choy-Brown insisted on pitting plaintiff and her fellow black co-workers against each other with incessant questioning about their activities that went beyond the duties at work. Despite plaintiff demanding Ms. Choy-Brown stop this behavior, it continued.

32.     Eventually Ms Choy-Brown began to replace the black employees with non-black ones. Plaintiff knew that Ms. Choy-Brown's attitude toward blacks would lead her to eventually replace all the black employees with non black ones.

33.     Before this period, plaintiff and her fellow case managers made up an all black team. In light of the racial make-up of the clientele plaintiff served, plaintiff felt Ms. Choy-Brown's decision to replace black co-worker's with non-black employees stemmed from racism.

34.     Plaintiff complained to human resources that she felt Ms. Choy's behavior was racist.

35.     Immediately management retaliated at plaintiff by having her sign all supervision notes, which did not accurately reflect her contributions to the meeting, or facts as they

occurred. The notes were from management's point of view and an attempt to rewrite her earlier complaint to human resources and discredit her work

36.     Plaintiff felt that she would have to sign these documents or her job would be in danger.

37.     The line of questioning grew into an interrogation, increasingly coercive, a misrepresentation of the facts and in some respects humiliating. Such as when plaintiff's director, Michael Wernham chastised plaintiff for going to human resources with her complaint instead of to him. He likened the relationship between supervisor and case worker to that of a parent/child relationship. As a professional woman with a 20 year old son, plaintiff found that analogy offensive.

38.     No other employees were made to sign their supervision notes. Plaintiff was singled out and subjected to a hostile work environment as a result of her complaint.

39.     The regular topics of supervision, such as clinical direction and task instructions, did not resumed since her complaint was lodged with human resources.

40. The last time plaintiff refused to sign these documents, January 6, 2006, complaining that she found the whole exercise retaliatory and it had made her work environment hostile. Michael Wernham, the director of Positive Step and Mimi's direct supervisor, told plaintiff she was wasting his and Mimi's time by not signing the supervisory notes and that she had until 5:00 pm to provide a written response. Despite his directive, he then rose from his chair and yelled at plaintiff to leave the office and not to return to work for the day.

41.     The next business day plaintiff was once again given supervision notes to sign, and once again she asked why she was the only employee made to sign these documents but was given no answers.

42.    On January 25, 2006, plaintiff was told things were no "working out" and management would have to terminate her employment from the agency.  Plaintiff was subsequently terminated from employment on January 25, 2006.

## AS AND FOR A FIRST CAUSE OF ACTION

43.    Plaintiff adopts and incorporates each allegation designated above in support of this Count.

44.    In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

45.    Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

46.    The defendants terminated plaintiff from employment on account of her race, being Black, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A THIRD CAUSE OF ACTION

47.Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

48.The defendants retaliated against plaintiff by terminating her employment, because she complained about the racially discriminatory treatment she was subjected to, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A FOURTH CAUSE OF ACTION

49.    Plaintiff adopts and incorporates each allegation set forth above in support of this count.

50.    In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory

7

hostile work environment on account of her race, being black, in violation of the Civil

Rights Act of 1866, an amended 42 U.S.C. Section 1981.

## AS AND FOR A FIFTH CAUSE OF ACTION

51.   Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

52.   The defendants terminated plaintiff from employment on account of her race, being

Black, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981.

## AS AND FOR A SIXTH CAUSE OF ACTION

53. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

54. The defendants retaliated against plaintiff by terminating her employment, because she

complained about the racially discriminatory treatment she was subjected to, in violation of the

Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981.

## AS AND FOR A SEVENTH CAUSE OF ACTION

55. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

56.   The defendants retaliated against plaintiff by terminating plaintiff's employment for

complaining about discriminatory employment practices to which he was subjected based

on her race and/or national origin, in violation of New York State Executive Law (Human

Rights Law) §296.

## AS AND FOR A EIGHTH CAUSE OF ACTION

57.   Plaintiff adopts and incorporates each allegation set forth above in support of this count.

58.   In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory

hostile work environment on account of her race, being black, in violation of the New

York State Executive Law (Human Rights Law) §296.

## AS AND FOR A NINTH CAUSE OF ACTION

59.   Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

60.   The defendants terminated plaintiff from employment on account of her race, being Black, in violation of the New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A TENTH CAUSE OF ACTION

61. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

62.   The defendants terminated plaintiff's employment on account of her race and/or national origin, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

63.   Plaintiff adopts and incorporates each allegation set forth above in support of this count.

64.   In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

## AS AND FOR A TWELFTH CAUSE OF ACTION

65. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

66.   The defendants retaliated against plaintiff by terminating plaintiff's employment for complaining about discriminatory employment practices to which she was subjected based on her race and/or national origin, in violation of Administrative Code of the City of New York, §§8-107.1(a) et seq.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

67.   Plaintiff adopts and incorporates each allegation set forth above in support of this count.

68.    In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her disability in violation of the Americans with Disability Act (hereinafter "ADA").

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

69.    Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

70.    The defendants terminated plaintiff from employment on account of her disability in violation of the ADA.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

71. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

72.    The defendants retaliated against plaintiff by terminating her employment, because she complained about the lack of reasonable accommodation and discriminatory treatment she was subjected to as a result of her disability, in violation of the ADA.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

73.    Plaintiff adopts and incorporates each allegation set forth above in support of this count.

74.    In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment by not providing reasonable accommodation account of her disability in violation of the New York City Human Rights law.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION

75.    Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

76.    The defendants terminated plaintiff from employment on account of her disability in violation of the New York City Human Rights law.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION

77.Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

78.     The defendants retaliated against plaintiff by terminating her employment, because she

complained about the lack of reasonable accommodation and discriminatory treatment, in

violation of the New York City Human Rights law.

## AS AND FOR A NINTEENTH CAUSE OF ACTION

79.Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

80.     Plaintiff was engaged in activity protected by FMLA, mainly that she informed

management that he sought to take leave to recuperate from her injuries.

81.     That said complaint was made in good faith.

82.     That said information was truthful.

83.     After engaging in activity protected by FMLA, plaintiff experienced adverse job actions

that involved threats of termination, hostility and termination.

84.     The adverse job actions plaintiffs experienced were not wholly unrelated to her protected

activity.

85.As a result of the defendants' actions, Plaintiff sustained economic damages, were rendered

sick, lame and disabled, suffered, still suffers and will continue to suffer for some time to come,

from great pain, mental anguish, nervous shock, and were incapacitated from attending to their

usual duties, all to their damage.

## AS AND FOR A TWENTIETH CAUSE OF ACTION

86.Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

87.Plaintiff had an at-will contract of employment with the Partnership, and had a reasonable

expectation of its continued existence.  Defendants Mimi Choy-Brown and Michael Wernham

knew that plaintiff had said contract, but intentionally and arbitrarily procured the breach of same by terminating plaintiff's employment thereof.

88. Defendants Brown and Wernham were not a party to said contract, thus in terminating same arbitrarily, they acted in violation of a duty owed to plaintiff by virtue of a special and confidential relationship between themselves and plaintiff.

89. In terminating plaintiff's employment on the basis of race and national origin, defendants Choy-Brown and Wernham acted in bad faith, self-interest, malice and personal animosity toward plaintiff, thus exceeded the limits of their authority. With reference to the foregoing therefore, their actions were neither justified nor taken in the interest of the Partnership.

90. In termination plaintiff's employment, defendants Choy-Brown and Wernham acted outside the boundaries of their employment, and intentionally and tortiously interfered with plaintiff's contract of employment with the Partnership, and by so doing became liable to Plaintiff for the Common Law of Tortious Interference with Contractual Relations.

91. As actions of the defendants were callous, reckless, willful and totally in disregard of plaintiff's rights, plaintiff is therefore entitled to punitive damages against them.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Keesha Simon, demands judgment as follows:

(a) against all defendants, declaring the acts and practices complained of herein are in violation of Title VII, §1981, New York State Human Rights Law, the New York City Administrative Law, the ADA and the Family Medical Leave Act;

(b) enjoining and permanently restraining these violations of Title VII, §1981, The New York State Human Rights Law, the New York City Administrative Law, the ADA, the Family Medical

Leave Act.

(c)directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d)directing defendants to make them whole for all earnings she would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(e)Directing defendant's to reinstate plaintiff or if reinstatement is not possible, to ward plaintiff front pay, including, but not limited to, wages, pension, bonuses, and lost benefits;

(f)Directing defendants to pay plaintiff an additional amount as compensatory damages for her pain and suffering;

(g)Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(h)Awarding plaintiff such interest a is allowed by law;

(i)Awarding plaintiff reasonable attorneys' fees and costs;

(j)Trial by Jury; and

(k)Granting such and further relief as this Court deems necessary and proper.

## 2. Under common Law of Tortuous Interference with Contractual Relations against Mimi Choy Brown and Michael Wernham only:

Awarding plaintiff such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

Dated:          Brooklyn, New York                Respectfully submitted,
                August 9, 2006

                                                  _____
                                                  NKEREUWEM UMOH [UU0053]
                                                  Attorney for Plaintiff
                                                  25 Bond Street, 2nd Floor
                                                  Brooklyn, NY 11201
                                                  718.360.0527


TO:
Defendant's Address:
Partnership for the Homeless, Inc.
305 7th Avenue, 13th Floor,
New York, New York 10007

14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

KEESHA SIMON,

                                        Plaintiff(s),

                    against

PARTNERSHIP FOR THE HOMELESS, MIMI CHOY-BROWN; MICHAEL WERNHAM, AND DOES 1'through'10 inclusive, the names of the last defendants being fictitious, the true names of the defendants being unknown to the plaintiff.

                                        Defendant(s).

---

## SUMMONS & COMPLAINT
## DEMAND TRIAL BY JURY

---

### NKEREUWEM UMOH, ESQ.
25 BOND STREET 2ND FLOOR BROOKLYN NY, 11201
PHONE: (718) 360-0527   FAX: (718) 360-1916
EMAIL: NIU@UMOHLAW.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

Dated:_____

Attorney(S) For:_____